IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § § | COMPLAINT |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. |
| SHIPLEY DONUT FLOUR & SUPPLY CO., INC., D/B/A SHIPLEY DO-NUTS | | H-06-2106 |
| Defendant. | | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 <u>as amended</u> by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment discrimination on the basis of filing a discrimination charge (retaliation) and to provide appropriate relief to Gerardo Guzman, who was adversely affected by the unlawful practices. While employed by Defendant Shipley Donut Flour & Supply Co., Inc., d/b/a Shipley Do-Nuts ("Defendant"), Mr. Guzman was subjected to discriminatory treatment because he filed a charge of discrimination on or about March 3, 2005. The discriminatory treatment included being discharged on or about May 13, 2005.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, <u>as amended</u>, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of

1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Shipley Donut Flour & Supply Co., Inc., d/b/a Shipley Do-Nuts, ("Defendant"), a Texas corporation, has continuously been doing business in the State of Texas and the City of Houston and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Gerardo Guzman filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least March 3, 2005, Defendant has engaged in unlawful employment practices at its Houston, Texas facility, in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a). On or about March 3, 2005, Gerardo Guzman filed a charge of discrimination alleging that he and

other Hispanic employees were subjected to discriminatory terms and conditions of employment, including being extorted, threatened with violence and repeatedly called "wetback" by a company official. Mr. Guzman, who had been employed with Defendant for approximately six (6) years, subsequently had his work closely scrutinized, was followed at the behest of the Defendant and received three disciplinary notices in the span of a few weeks. On or about May 13, 2005, he was discharged by Lawrence Shipley III, one of Respondent's agents and owners, in retaliation for having filed a charge of discrimination against the company in March.

10. The effect of the practice(s) complained of above has been to deprive Gerardo Guzman of equal employment opportunities and otherwise adversely affect his status as an employee because he filed a charge of discrimination.

11. The unlawful employment practices complained of above were and are intentional.

12. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Gerardo Guzman.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of filing a charge of discrimination.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all its employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Gerardo Guzman by providing appropriate backpay

with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to backpay and frontpay, with interest.

D.  Order Defendant to make whole Gerardo Guzman by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses such as job search expenses and insurance expenses in amounts to be proved at trial.

E.  Order Defendant to make whole Gerardo Guzman by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendant to pay Gerardo Guzman punitive damages for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.  Grant such further relief as this Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams

Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

*Jim Sacher by permission /s/*

James Sacher
Regional Attorney

*/s/*

Rudy L. Sustaita
Senior Trial Attorney
Attorney-in-Charge
Admission I.D. No. 11850
Texas Bar No. 19523560
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 209-3400
Facsimile: (713) 209-3402